UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA DUC NGUYEN, | No.  1:25-cv-1592 TLN CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMEENDATIONS |
| MARCOS CHARLES, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Petitioner is an immigration detainee proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  This matter is before the Court on respondents' motion to dismiss.  For the following reasons, the Court recommends that respondents' motion to dismiss be denied without prejudice, and the parties be ordered to show cause why a permanent injunction should not be entered on the same terms as the preliminary injunction, the habeas petition be granted, and this action be closed.

///

///

---

[1]  Initially, petitioner filed this action pro se.  (ECF No. 1.)  Subsequently, this Court appointed the Federal Defender to represent petitioner.  (ECF Nos. 9-11.)  This Court has liberally construed petitioner's initial pro se petition as required.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

## II.    BACKGROUND[2]

The district court set forth the following factual and procedural background, noting that the parties largely agree on the following history.  (ECF No. 14 at 2 n.1.)

> Petitioner is a 59-year-old citizen and native of Vietnam. (ECF No. 12 at 1, 34.)  In 1975, in the aftermath of the Vietnam War, Petitioner was admitted to the United States as a refugee and became a lawful permanent resident.  (Id. at 30.) In 1997, Petitioner left the United States to elude criminal charges. (Id. at 30, 37.) Upon his return in 2003, the Department of Homeland Security deemed his permanent residency status abandoned, and he was paroled into the country to face criminal charges.  (Id.)  Ultimately, Petitioner pleaded guilty to various crimes committed between 1993 and 1996 and served his sentence.  (Id. at 8–10.)
>
> As a result of his criminal convictions, Petitioner was placed into removal proceedings as an "inadmissible" non-citizen under the Immigration and Nationality Act ("INA") §§ 212(a)(2)(A)(i)(I) and 212(a)(2)(B).  (Id. at 31, 37–38.)  On June 17, 2024, Petitioner received a final order of removal to Vietnam and was taken into immigration custody. (Id. at 12; ECF No. 1 at 3.)  Petitioner was detained for exactly six months before he was released back into the United States on December 17, 2024, by United States Immigration and Customs Enforcement ("ICE") on an order of supervision. (ECF No. 12 at 30.)
>
> On June 16, 2025, ICE revoked Petitioner's release and detained Petitioner that same day.  (Id.)  ICE's Notice of Revocation of Release ("Notice of Revocation") appears to have been given to Petitioner at the time he was being detained. (Id. at 26 (addressed to Petitioner at the ICE field office on the date of detention).)  The Notice of Revocation states that ICE's decision to revoke his release was based on "a review of your file and/or your personal interview on account of changed circumstances in your case," but does not identify what the "changed circumstances" were or what information led ICE to that determination.  (Id.)  Four months into his detention, Petitioner was given an informal interview on October 20, 2025. (Id. at 31.)  Also in October, Respondents submitted a "travel packet" within the United States government to an agency "who coordinates the request for a travel document from Vietnam" for Petitioner's removal.  (Id.)  To date, Vietnam has not issued travel documents for Petitioner and Petitioner contends Vietnam has not agreed to accept him. (ECF No. 1 at 1, 13–14.) Petitioner has now been in continuous ICE detention awaiting removal for 5.5 months. (Id. at 3.) Since his [June 17,] 2024 order of removal [ECF No. 21 at 22], Petitioner has been in ICE detention for a total of 11.5 months.

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 19.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

(ECF No. 14 at 2-3.)

On November 19, 2025, petitioner filed the pro se petition for writ of habeas corpus. (ECF No. 1.)  On November 21, 2025, the district court ordered briefing on petitioner's emergency request, construed as a motion for temporary restraining order.  (ECF No. 6.) Following briefing on the motion for temporary restraining order, on December 4, 2025, the district court treated the motion as one for preliminary injunction, granted petitioner's motion, and issued a preliminary injunction.  (ECF No. 14.)  The district court ordered petitioner's immediate release, enjoined and restrained respondents from re-detaining petitioner unless they obtain a travel document for his removal to Vietnam and until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures. (Id. at 12 ¶ 3.)  Further, the district court enjoined and restrained respondents from removing petitioner to any country other than Vietnam, unless they provide the following process: (a) written notice to both petitioner and petitioner's counsel in a language petitioner can understand; (b) following the notice, petitioner must be provided a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal; (c) if petitioner is found to have demonstrated "reasonable fear" of removal to the designated country, respondents must move to reopen petitioner's immigration proceedings; (d) if petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, respondents must afford petitioner a meaningful opportunity, and a minimum of fifteen days, to seek to reopen his immigration proceedings.  (Id. at 12-13 ¶ 4.)  Bond requirements were waived, and the district court referred the matter to the undersigned for further proceedings.  (Id. at 13 ¶¶ 5-6.)

Pursuant to the district court's order, petitioner was released from custody on December 5, 2025.  (ECF No. 17.)

On December 8, 2025, this Court issued a briefing schedule on the petition.  (ECF No. 15.)  That same day, respondents confirmed that petitioner was released from custody on December 5, 2025.  (ECF No. 17.)

On December 29, 2025, respondents filed a motion to dismiss.  (ECF No. 21.)

3

Deportation Officer Patrick J. Cruz, Sr., declares that "[u]pon receiving the travel document and coordinating removal plans, petitioner will be scheduled for imminent removal from the United States to Vietnam." (ECF No. 21 at 30.) On January 9, 2026, petitioner filed an opposition. (ECF No. 22.) On January 9, 2026, respondents filed a reply. (ECF No. 23.) On January 13, 2026, respondents filed a supplemental status report, informing the court and parties that the government has now obtained travel documents from Vietnam for petitioner's removal to Vietnam. (ECF No. 24 at 2, 4.) It appears the travel documents expire on June 30, 2026. (Id. at 4.) On January 14, 2026, petitioner filed a response to the supplemental status report. (ECF No. 25.) Briefing is complete.

### III.    RESPONDENTS' MOTION TO DISMISS

#### A.    The Parties' Positions

On December 29, 2025, respondents filed a motion to dismiss this action as moot, arguing that because petitioner is no longer in respondents' custody, this habeas petition is moot. (ECF No. 21 at 2-3.) On January 9, 2026, petitioner filed opposition, arguing that the grant of injunctive relief did not moot the habeas petition because the relief is temporary, and because respondents have not pledged that they will not re-detain petitioner or try to remove him to a third country. (ECF No. 22.) Respondents' reply rested on their motion to dismiss. (ECF No. 23.)

In their supplemental status report, respondents further request that the Court "lift its December 4, 2025, stay of detention pursuant to 8 U.S.C. § 1252(g)." (ECF No. 24 at 2 (citing C.F.R. § 241.13(i)(2) (An alien's release under this section may be revoked "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.")).) Petitioner opposes the request, noting that the preliminary injunction does not prevent respondents from carrying out petitioner's removal to Vietnam, and allows them to re-detain petitioner if they obtain a travel document, which they have. (ECF No. 25 at 1.) Further, petitioner points out that the preliminary injunction only requires that if ICE does re-detain petitioner, ICE must follow the procedures required under 8 C.F.R. §§ 241.4(l), 241.13(i), which is already required by the regulations.

///

4

B.    Governing Standards

Article III, § 2 of the United States Constitution requires a "case or controversy" for justiciability, meaning that an injury-in-fact has occurred. "A habeas petition challenging" incarceration or detention "is never moot simply because, subsequent to its filing, the petitioner has been released from custody." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citations omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). The collateral consequences must "be specifically identified," and "only concrete disadvantages or disabilities that [have] in fact occurred, that [are] imminently threatened, or that [are] imposed as a matter of law" are sufficient. Spencer, 523 U.S. at 8.

C.    Discussion

Here, petitioner challenges the legality of his detention from which he was released, and his future re-detention, and his potential removal to a third country. (ECF No. 1.)

Respondents primarily rely on Abdala, 488 F.3d at 1061, and Ogunbanke v. Nielsen, 2020 WL 730570, at *2 (E.D. Cal. Feb. 13, 2020), adopted in full, 2020 WL 1640028 (E.D. Cal. Apr. 2, 2020). This Court finds both cases distinguishable because in Abdala and Ogunbanke, both detainees challenged the length of their detention, and their deportations resolved their habeas claims. Id. Here, petitioner challenged both the legality of his detention and his future re-detention, as well as his potential removal to a third country. See Alvarenga Matute v. Wofford, 2025 WL 2996577, at *3 (E.D. Cal. Oct. 24, 2025) (detainee was not deported during habeas proceedings, and "where detainee challenges the legality of the detention from which he was released and his future re-detention," the petition is not moot).

Further, this Court is persuaded by petitioner's argument that the grant of preliminary injunctive relief does not render the habeas petition moot because the relief is temporary. As one district court found:

> Absent preliminary injunctive relief, [a] [p]etitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to

5

resolve." Cruz v. Lyons, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). "A habeas petition is not moot where preliminary relief is not made permanent." Id.; see also Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting the suggestion of mootness where "release had been granted following a preliminary injunction" "[u]nless th[e] preliminary [relief] was made permanent and not disturbed on appeal" because "these individuals faced the threat of re-arrest and mandatory detention"); Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("[Petitioner] raises an as-applied constitutional due process challenge to the government's ability to re-detain him without a hearing. Accordingly, I have jurisdiction over his claim."); Rodriguez v. Kaiser, 2025 U.S. Dist. LEXIS 199636, at *21 (E.D. Cal. Oct. 7, 2025) (granting preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting temporary restraining order); Martinez v. Wamsley, 2025 U.S. Dist. LEXIS 201309, at *8 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus.").

N.Y.V.D. v. Santracruz, 2026 WL 45268, at *2 (C.D. Cal. Jan. 6, 2026); Im v. Semaia, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026). Here, only preliminary relief has been granted. Pursuant to the terms of the preliminary injunction, respondents must follow governing procedures prior to removing petitioner to Vietnam.

Further, contrary to respondents' position, the district court's order did not stay petitioner's detention. Indeed, nowhere in the district court's order is a stay or 8 C.F.R. § 1252(g) mentioned. (See ECF No. 14, passim.) Rather, the district court enjoined petitioner's re-detention unless the government obtained a travel document for petitioner's removal to Vietnam and until they followed all procedures set forth in 8 C.F.R. §§ 241.4(l) and 241.13(i), and any other applicable statutory and regulatory procedures. (Id.)

Now that respondents have obtained a travel document for petitioner, which would appear to constitute a changed circumstance, they are required to follow the procedures set forth in both the district court's preliminary injunction and in their own regulations.[3] (ECF No. 14 (citing 8 C.F.R. §§ 241.4(l), 241.13(i)).) Once those procedures have been followed, and petitioner has been removed to Vietnam, and not a third country, respondents may file a motion to modify or

---

[3] Respondents provided no documents indicating that additional steps have been taken to remove petitioner since the travel document was obtained. See, e.g., Xiong v. Wofford, 2026 WL 177739, at *5 (E.D. Cal. Jan. 22, 2026) (after Laotian Travel Document obtained for Xiong, DHS issued a warrant for his removal and re-detained him after issuing a notice of imminent removal.)

6

dissolve the preliminary injunction upon timely notice to petitioner.

Therefore, this Court recommends that respondents' motion to dismiss be denied without prejudice.

## IV.    CONCLUSION

Respondents are required to follow the procedures set forth in both the district court's preliminary injunction and in their own regulations.  (ECF No. 14 (citing 8 C.F.R. §§ 241.4(l), 241.13(i)).)  Once those procedures have been followed, and petitioner has been removed to Vietnam, and not a third country, respondents may file a motion to modify or dissolve the preliminary injunction upon timely notice to petitioner.

Based on the findings above, IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 21) be denied without prejudice.

2.  Respondents' request to lift the preliminary injunction (ECF No. 24) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/nguy1592.mtd.dn.2241.imm