UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA DUC NGUYEN (A-022-016-757),<br><br>Petitioner,<br><br>v.<br><br>MARCOS CHARLES, et al.,<br><br>Respondents. | No. 1:25-cv-1592 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Hoa Duc Nguyen (A-022-016-757), a native of Vietnam, proceeds through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On February 11, 2026, this Court recommended that respondents' motion to dismiss and to lift the preliminary injunction be denied.  (ECF No. 26.)  No objections were filed, and on February 25, 2026, the district court adopted the findings and recommendations in full.  (ECF No. 27.)  On March 10, 2026, in response to this Court's order, respondents filed a status report confirming that petitioner was released from detention.  (ECF No. 29.)  For the reasons that follow, the Court recommends that the habeas petition be granted.

I.    BACKGROUND

The factual and procedural background previously presented in the February 11, 2026 findings and recommendations are incorporated herein.  (See ECF No. 26 at 2-4.)  It is undisputed that petitioner is subject to a final removal order as of June 17, 2024.  (ECF Nos. 12 at 23-24, 13

1

at 2.)  Petitioner was previously detained for six months, from June 17, 2024, to December 17, 2024.  (ECF No. 12 at 30.)  On June 16, 2025, petitioner's release was revoked, and he was detained the same day.  (Id. at 26.)  Pursuant to the district court's order granting injunctive relief, petitioner was released from custody on December 5, 2025.  (ECF No. 17.)  Thus, petitioner was in ICE detention for a total of 11.5 months.  On January 13, 2026, respondents filed a copy of a travel document obtained for petitioner to travel to Vietnam.  (ECF No. 24 at 4.)  However, to date, no one has reported that petitioner has been removed to Vietnam.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  The pro se petition raised the following four claims:  (1) petitioner's continued detention violates the due process clause of the Fifth Amendment; (2) respondents' policy for third country removals violates the Fifth Amendment, 8 U.S.C. § 1231, the convention against torture, implementing regulations, and the Administrative Procedure Act ("APA"); (3) banishing petitioner to a third country violates the Fifth and Eighth Amendments; and (4) petitioner's re-detention and continued detention violates

the Fifth Amendment due process clause, 8 C.F.R. § 241.13, and the APA.  (ECF No. 1 at 13-18.)

Respondents did not file an answer to the habeas petition or a motion to dismiss based on the merits of the petition; rather, respondents filed a motion to dismiss on the theory that the petition is now moot in light of petitioner's release from custody, adding in their reply that they "do not intend to file any further briefing and submit on the points, authorities, and written argument continued in their motion to dismiss."  (ECF No. 23 at 1.)  The district court denied the motion to dismiss.  (ECF No. 27.)

On November 21, 2025, the district court ordered briefing on petitioner's emergency request, construed as a motion for temporary restraining order.  (ECF No. 6.)  Following briefing on the motion for temporary restraining order, on December 4, 2025, the district court treated the motion as one for preliminary injunction, granted petitioner's motion, and issued a preliminary injunction.  (ECF No. 14.)  The district court found petitioner was likely to succeed on the merits of petitioner's claims, as follows.

**A.    Revocation of Petitioner's Release**

ICE has a duty to follow its own regulations.  (ECF No. 14 at 4 (citing Rombot v. Souza, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); Hoac v. Becerra, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Because there is no indication that ICE Regulations were followed . . . [petitioner's] re-detainment was unlawful.")).)  The revocation of petitioner's release was governed by 8 C.F.R § 241.13(i), and respondents failed to meet their burden to show that changed circumstances made removal significantly likely, as required under 8 C.F.R § 241.13(i)(2).  (ECF No. 14 at 5.)  Because the request for a travel document was submitted four months after petitioner's release was revoked, such submission could not constitute changed circumstances at the time of revocation.  (Id. (citing Tran v. Noem, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) ("§ 241.13(i)(2) requires that this determination is made before the removable [non-citizen] has had his release revoked.").  Further, respondents failed to meet their burden to show there was a significant likelihood that petitioner's removal was reasonably foreseeable, and merely requesting travel documents, without more, is insufficient.  (Id. at 6-7 (citing Tran, 2025 WL 3005347, at *3; Hoac, 2025 WL 1993771, at *4.)  Thus, ICE improperly

3

revoked petitioner's release in violation of its own regulations and due process.  (ECF No. 14 at 7.)  In addition, ICE failed to follow their procedures to revoke release under 8 C.F.R. § 241.13(i)(3) because petitioner was not promptly provided an interview upon his re-detention, nor was he provided a new review within three months, as the Notice of Revocation indicated. (Id. at 7-8 (citing Phan v. Beccerra, 2025 WL 1993735, at *5 (E.D. Cal. July 16, 2025 (failure to provide informal interview rendered revocation of release unlawful).)  Such failures to follow their own procedures demonstrated petitioner was likely to succeed on the merits of such claims.

**B.      Petitioner's Continued Detention**

Petitioner was detained for 11.5 months, well beyond the six months presumptively acceptable under Zadvydas, 533 U.S. at 690, and respondents provided no credible evidence that removal was reasonably foreseeable.  (ECF No. 14 at 9.)  Thus, petitioner's continued detention was unlawful.  (Id.)

**C.      Third Country Removals**

The district court agreed with the reasoning of numerous other courts in this Circuit which have found that ICE's third country removal policy is unconstitutional.  (ECF No. 14 at 10 (citing Vu v. Noem, 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025), Nguyen v. Scott, 2025 WL 2419288, at *18-23 (W.D. Wash. Aug. 21, 2025).  "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates the constitutional right to due process."  Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999). Thus, petitioner was likely to succeed on the merits of his third country removal claim.  (ECF No. 14 at 10.)

The district court then found that petitioner had demonstrated irreparable harm because he had been detained for 11.5 months awaiting removal, but his removal was not reasonably foreseeable.  (Id. at 11.)  Finally, the district court found that the balance of equities and public interest factors weigh in petitioner's favor.  (Id. at 12.)  The district court ordered petitioner's immediate release, enjoined and restrained respondents from re-detaining petitioner unless they obtain a travel document for his removal to Vietnam and until they follow all procedures set forth

4

in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures. (Id. at 12 ¶ 3.)  Further, the district court enjoined and restrained respondents from removing petitioner to any country other than Vietnam, unless they provide the following process: (a) written notice to both petitioner and petitioner's counsel in a language petitioner can understand; (b) following the notice, petitioner must be provided a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal; (c) if petitioner is found to have demonstrated "reasonable fear" of removal to the designated country, respondents must move to reopen petitioner's immigration proceedings; and (d) if petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, respondents must afford petitioner a meaningful opportunity, and a minimum of fifteen days, to seek to reopen his immigration proceedings.  (Id. at 12-13 ¶ 4.)

This Court recommends that the petition for writ of habeas corpus be granted based on a finding that the decision to revoke petitioner's release and re-detain him is governed by 8 U.S.C. § 1231(a)(3) and the regulations at 8 C.F.R. §§ 241.4(l), 241.13(i), where petitioner is subject to a final order of removal and was released after the government was unable to remove petitioner. Further, respondents have failed to present evidence of a change in circumstances justifying his June 2025 re-detention and have failed to establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances justifying petitioner's re-detention.[1]  Because the resolution of the regulatory requirements, due process, and third country removal claims provide the relief requested, the Court need not reach petitioner's remaining claims.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner absent compliance with

---

[1]  While the government has now obtained a Vietnam travel document for petitioner, as stated in the February 11, 2026 findings and recommendations, respondents are still required to follow the procedures set forth in both the district court's preliminary injunction and in ICE's own regulations.  (ECF No. 26 at 6.)  Respondents have provided no documents indicating that additional steps have been taken to remove petitioner since the travel document was obtained. See, e.g., Xiong v. Wofford, 2026 WL 177739, at *5 (E.D. Cal. Jan. 22, 2026) (after Laotian Travel Document obtained for Xiong, DHS issued a warrant for his removal and re-detained him after issuing a notice of imminent removal).

constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l).

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued ordering respondents to be ENJOINED AND RESTRAINED from re-detaining petitioner Hoa Duc Nguyen (A-022-016-757) until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/nguy1592.157.2241.imm

6